Dennis P. HOLLAND, an individual and a Trustee of the Revocable Living Trust Agreement of Dennis P. Holland, the Dennis P. Holland Revocable Living Trust, and the Dianne Holland Revocable Trust; Dianne Holland, an individual and a Trustee of the Revocable Living Trust Agreement of Dianne Holland, the Dianne Holland Revocable Living Trust, and the Dennis P. Holland Revocable Living Trust, Plaintiffs—Appellants,

v.

COUNTY OF MAUI; Department of Planning, County of Maui; John E. Min, as an individual and in his official capacity as the Director of the Department of Planning; Clayton I. Yoshida, as an individual and in his official capacity as the Deputy Director of the Department of Planning; George Y.M. Chun, in his capacity as Managing Director of the Department of Planning; Department of Public Works and Waste Management, County of Maui; Milton Arakawa, as an individual and in his official capacity as Deputy Director of Public Works; David Goode, as an individual and as Director of Public Works and Waste Management, Defendants—Appellees.

No. 02–16568.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2004.

Decided June 7, 2004.

James H. Fosbinder, Esq., Fosbinder and Fosbinder, Kahului, HI, for Plaintiffs–Appellants.

Blaine J. Kobayashi, Esq., Madelyn S. D'Enbeau, Wailuku, Maui, HI, for Defendants–Appellees.

Before: FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Allegations in the Hollands' complaint are deemed true for purposes of reviewing the dismissal of the complaint. *See Carson Harbor Village, Ltd. v. City of Carson,* 353 F.3d 824, 825 n. 3 (9th Cir.2004); *Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir.2001). Facts are recounted only as necessary to explaining the decision.

### I

■ The Hollands' suit should not have been dismissed as unripe for failure to satisfy a ripeness requirement applicable to regulatory takings claims. Challenges to county acts that " 'amount to actual, concrete injuries which are separate from any taking' " and " 'have already occurred and do not depend on the finality of the County's determination of the permissible uses' " of the property are " 'not subject to the ripeness constraints applicable to regulatory takings' ". *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara,* 344 F.3d 822, 830–31 (9th Cir.2003) (quoting *Harris v. County of Riverside,* 904 F.2d 497, 501 (9th Cir.1990)) (emphasis omitted). *Carpinteria* found due process and equal protection claims arising from the application of land-use requisites ripe though a final agency decision was lacking because the claims did not " 'directly arise from, or rely on,' " a takings claim. 344 F.3d at 829, 831 (quoting *Harris,* 904 F.2d at 501).

The Hollands' claims are ripe though a decision by the Planning Commission is lacking. The injuries stemming from the revocation have already occurred and do not depend on the Planning Commission's final decision, for which the Hollands have waited for well over two years, with no end

in sight, as far as the record reveals. Work was stopped on the Hollands' near-completed house, which stands unoccupied while the Hollands pay taxes on the property. Even if the Planning Commission reversed the Director's revocation decision, the Hollands still would have been harmed by the Director's decision. If the Director's revocation was made in a constitutionally deficient manner, or based on unconstitutionally improper motives, the wrong and the consequences would remain regardless of the Planning Commission's final decision.

The Hollands' suit is ripe.

### II

"[T]he federal courts have a virtually unflagging obligation to exercise the jurisdiction given them." *Ankenbrandt v. Richards,* 504 U.S. 689, 705, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992) (internal quotation marks and ellipses omitted). *Younger* abstention "is a circumscribed exception to mandatory federal jurisdiction" that may sometimes be appropriate to avoid interference with a state administrative proceeding of a judicial character that implicates an important state interest. *Baffert v. Cal. Horse Racing Bd.,* 332 F.3d 613, 617–18 (9th Cir.2003) (internal quotation marks omitted).

■ The Hollands' claims do not present the kind of direct interference that warrants abstention. *See Green v. City of Tucson,* 255 F.3d 1086, 1094, 1097 (9th Cir.2001) (en banc). The claims the Hollands bring only present the prospect of a race to judgment. The Hollands have not presented a claim that would justify enjoining the pending Maui Planning Commission proceeding.

Dismissal based on *Younger* abstention is reversed. The Hollands' request for an injunction against the pending proceeding is dismissed as unmoored to any claim that would justify the remedy.

### III

We REVERSE the district court's judgment in part but AFFIRM the dismissal of the Hollands' request for an injunction against the pending Maui Planning Commission proceeding. The case is remanded for proceedings consistent with this opinion. Each party bears its own costs of appeal. *See* Fed. R.App. P. 39(a)(4).

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.